IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GARY KING** | § § § | |
| | § | CIVIL ACTION NO. _____. |
| vs | § § | |
| **ELEPHANT INSURANCE COMPANY** | § | **JURY TRIAL DEMANDED** |

**DEFENDANT ELEPHANT INSURANCE COMPANY'S**
<u>**NOTICE OF REMOVAL**</u>

TO THE HONORABLE COURT:

Defendant Elephant Insurance Company ("Elephant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby removed the action filed as Cause No. 2017-52052; *Gary King v. Elephant Insurance Company;* In the 215th Judicial District Court of Harris County, Texas, based upon diversity of citizenship of the properly joined and served parties. Specifically, Plaintiff is a Texas resident and citizen, and Elephant is a Virginia corporation.

Removal is proper under 28 U.S.C. §§ 1332 and 1441 (a) because this is an action over which the United States district court for the southern District of Texas has original diversity jurisdiction, as it is an action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interests and costs. In support of this Removal, Elephant would respectfully show the following:

**I.**

**PROCEDURAL BACKGROUND**

1.   Gary King ("Plaintiff") filed Plaintiff's Original Petition and initiated an action against Elephant in Cause No. 2017-52052 ("the State Court Action").[1]

---

[1] Exhibit A - Plaintiff's Original Petition.

2. On August 21, 2017, Elephant was served with a copy of a Citation and Plaintiff's Original Petition, alleging that Elephant breached the insurance agreement and violated several sections of the Texas Insurance Code.[2]

3. Elephant filed its Defendant Elephant Insurance Company's Original Answer on September 11, 2017.[3]

4. On September 12, 2017, Memorial Hermann Health System ("Memorial Hermann") filed its Memorial Hermann Health System's Original Petition in Intervention, Request for Disclosure and Rule 193.7 Notice, asserting a hospital lien against Plaintiff ONLY.[4]

5. At this time, it appears that Plaintiff has not yet filed answer to the intervention petition.

6. On September 15, 2017, Elephant timely filed its Jury Demand and paid the jury fee.[5]

7. After receiving Plaintiff's Original Petition, Defendant timely filed a Notice of Removal in the State Court Action on September 19, 2017—well within the thirty (30) day guidelines of the removal statute.[6]

8. Pursuant to Southern District of Texas Local Rule 81, attached to this Notice of Removal are the following documents:

| | |
|---|---|
| **Exhibit A** | Plaintiff's Original Petition; |
| **Exhibit B** | Service Document on Elephant; |
| **Exhibit C** | Defendant Elephant Insurance Company's Original Answer; |
| **Exhibit D** | Memorial Hermann Health System's Original Petition in Intervention, Request for Disclosure and Rule 193.7 Notice; |
| **Exhibit D-1** | Exhibit A to Memorial Hermann Health System's Original Petition in Intervention, Request for Disclosure and Rule 193.7 Notice; |

---

[2] Exhibit B - Receipt Envelope
[3] Exhibit C – Defendant Elephant Insurance Company's Original Answer
[4] Exhibits D, D-1 – Memorial Hermann Hospital Petition in Intervention and Exhibit A thereto.
[5] Exhibit E – Defendant Elephant Insurance Company's Jury Demand.
[6] 28 U.S.C. § 1446(b)("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper form which it may be first ascertained that the case is one which is or has become removable.")

| | |
|---|---|
| **Exhibit E** | Defendant Elephant Insurance Company's Jury Demand; |

and

| | |
|---|---|
| **Exhibit F** | Index of Matters Being Filed; Docket Sheet; Civil Case Information; Civil Process Request; and List of Counsel of Record with addresses, phone numbers, and parties represented. |

## II.

### NATURE OF THE SUIT

9.　Plaintiff's Original Petition alleges that Elephant wrongfully denied Plaintiff's claim for Underinsured Motorist Coverage under the automobile insurance policy issued by Elephant to Plaintiff's parents.[7] At the time of the accident, Plaintiff was an adult. Plaintiff alleges that on or about June 3, 2014, Plaintiff was injured when he was a pedestrian and hit by a car driven by Lesley Taylor.[8] Plaintiff also alleges that he settled with Ms. Taylor's insurer, ACCC Insurance Company, for her policy limits of $30,000.[9] Plaintiff seeks recovery of payment under the Underinsured Motorist Coverage under the automobile insurance policy issued by Elephant to Plaintiff's parents, and also sues Elephant for alleged violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act.[10] Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.[11] In addition, Memorial Hermann has intervened in this Lawsuit, asserting a hospital lien against Plaintiff and seeking to recover actual damages of at least $521,297.80 from Plaintiff.[12]

---

[7] Exhibit A - at §3.
[8] *Id.*
[9] *Id.* at §9.
[10] Exhibit A
[11] *Id.* at §1.
[12] Exhibit D– p. 6.

### III.

### BASIS FOR REMOVAL

10. The Court has original jurisdiction under 28 U.S.C. §1332 over this civil action, and the action may be removed by Elephant pursuant to 28 U.S.C. §1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

#### A. *Complete Diversity of Citizenship Exists:*

11. This Court has jurisdiction over this action because there is complete diversity of citizenship between Plaintiff and all properly named and served Defendants. *See,* 28 U.S.C. §§ 1332 and 1441.

12. At the time this action was commenced, the Plaintiff was and still is a resident and citizen of the State of Texas.[13]

13. At the time this civil action commenced, Elephant was, and still is, a citizen of the State of Delaware (State of Incorporation) and maintains its headquarters in the State of Virginia.[14]

#### B. *Amount In Controversy:*

14. Plaintiff's Original Petition states that "Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.[15]

15. This action satisfies the jurisdictional requirements of 28 U.S.C. § 1332 (a) because the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV.

### CONFORMANCE WITH PROCEDURAL REQUIREMENTS

16. Elephant file this Notice of Removal within 30 days of receipt of the initial pleading and within one year of the commencement of this action as required by 28 U.S.C. § 1446(b).

---

[13] Exhibit A at §2.
[14] Exhibit F.
[15] *Id.* at §1.

Accordingly, removal of this action is timely.  No previous application for removal has been made.

17.     Elephant is the only properly joined and served Defendant, and it is not a citizen of the state of Texas, where this action was brought.  *See,* 28 U.S.C. § 1441(b).

18.     The United States District court for the Southern District of Texas is the federal judicial district encompassing the 151st Judicial District Court of Harris County, Texas, where this suit was originally filed.  Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

19.     Pursuant to the provisions of 28 U.S.C. § 1446(d), Elephant will promptly file a copy of the Notice of Removal with the Clerk for the district Court of Harris County, Texas, and serve Plaintiff's counsel with same.

20.     Elephant respectfully reserves the right to amend or supplement this Notice of Removal. Elephant also respectfully reserves the right to submit evidence supporting this Notice of Removal should Plaintiff move to remand this action to state court.

21.     By removing this action to this Court, Elephant does not waive any defenses, objections or motions available to them under state or federal law.

22.     Pursuant to 28 U.S.C. §1446(a) and Rule 81 of the Local Rules of the District Court, Elephant has filed with this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders, and docket sheet in the State Court Action as identified on the Index of Matters Being Filed.[16]

## V.

### PRAYER FOR RELIEF

23.     Wherefore premises considered, Defendant Elephant Insurance Company respectfully and herby gives notice that this action is removed from the District Court of Harris County, Texas, to the United States District court for the Southern District of Texas.

---

[16] Exhibit G- Index of Matters Being Filed.

Respectfully submitted,

**FUNDERBURK FUNDERBURK COURTOIS, LLP**

*/s/ Mark J. Courtois by permission TD*
**MARK J. COURTOIS**
State Bar No. 04897650
Email: mjcourtois@ffllp.com
2777 Allen Parkway, Suite 1000
Houston, Texas 77019
713-526-1801 Telephone
713-526-2708 Facsimile
**ATTORNEY FOR DEFENDANT**
**ELEPHANT INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I, **MARK J. COURTOIS**, do hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record by the ECF system, eservice, email, facsimile, delivery, and/or mail on this the 19th day of September 2017.

Roy K. Ewart
SBOT # 06752705
Law Offices of Mae Nacol & Associates
8303 Southwest Freeway, Suite 945
Houston, Texas 77074
Tel: 713-655-7055
Fax: 713-655-7702
Email: WMNacol@SBCGlobal.net
**ATTORNEY FOR PLAINTIFF GARY KING**

Jared C. Johnson
SBOT # 24057926
Sullins, Johnston, Rohrbach & Magers
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027
Tel:  713-521-0221
Fax: 713-521-3242
Email: JJohnson@SJRM.com
**ATTORNEY FOR INTERVENOR**
**MEMORIAL HERMANN HEALTH SYSTEM**

*/s/ Mark J. Courtois by permission TD*
**MARK J. COURTOIS**