8/4/2017 4:32 PM
Chris Daniel District Clerk Harris County
Envelope No. 18658048
By: Nelson Cuero
Filed: 8/4/2017 4:32 PM

2017-52052 / Court: 215

CAUSE NO. _____

| | | |
|---|---|---|
| GARY KING | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| ELEPHANT INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GARY KING, plaintiff herein, and hereby files his Original Petition, complaining of ELEPHANT INSURANCE COMPANY, defendant, and for cause of action would respectfully show the Court as follows:

1.

Discovery is intended to be conducted under Level 3 of Rule 190.1, Tex.R.Civ.P. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000 pursuant to Rule 47, Tex.R.Civ.P.

2.

Plaintiff GARY KING currently resides at 13930 Firetower Road, Conroe, Texas 77306. § 30.015(c), Tex.Civ.Prac.&Rem.Code. The last three digits of plaintiff's Texas driver's license number are 186 and social security are 483. § 30.014, Tex.Civ.Prac.&Rem.Code.

Defendant ELEPHANT INSURANCE COMPANY is a foreign corporation doing business in Harris County, Texas and may be served with process by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or by serving its president or any vice president, at 9950 Mayland Dr., Suite 400, Henrico, VA 23233-1463 or by such other manner allowed by law.

3.

On or about June 3, 2014, plaintiff was injured as a result of the negligence of an underinsured motorist, LESLEY TAYLOR, while she was operating a motor vehicle at or near FM 1960 Road and Lee Road, in Harris County, Texas, when LESLEY TAYLOR crashed her vehicle into plaintiff who was a pedestrian. Plaintiff was a member of the household of his parents Dale and Karen Buttry who had an auto insurance policy issued by defendant ELEPHANT INSURANCE COMPANY. Thus at such time, plaintiff was protected against loss resulting from the negligence of the underinsured motorist by the policy insurance issued by defendant ELEPHANT INSURANCE COMPANY.

4.

The collision was brought about and was the proximate result of the negligence of the underinsured motorist, which acts are more particularly described in this pleading. As a natural, probable and foreseeable result of the negligence of the underinsured motorist, plaintiff sustained severe and disabling injuries.

5.

Plaintiff would show that the underinsured motorist committed the following acts of negligence, one or more of which were a proximate cause of the collision in question:

1. Negligently failing to keep a proper lookout;
2. Negligently failing to avoid crashing into a pedestrian who was crossing the road;
3. Failing to yield to a pedestrian;
4. Negligently failing to keep proper control of the vehicle she was operating;
5. Negligently failing to make proper application of the brakes on the vehicle she was driving;

6. Negligently failing to make timely application of the brakes on the vehicle she was driving;

7. Negligently operating her vehicle at a speed which was excessive under the conditions then and there existing;

8. Negligently failing to maintain such lookout as a person of ordinary prudence would have maintained under the same or similar conditions;

9. Acting in a careless and negligent manner;

10. Plaintiff was in a position of peril in crossing into the path of the underinsured's oncoming vehicle, which position of peril either was discovered or should have been discovered by the underinsured motorist, who then and there realized or should have realized that plaintiff could not, and in all reasonable probability, would not be able to extricate from such a position of peril, such discovery and realization on the part of the underinsured motorist would have been or was at a time and distance sufficient so that in the exercise of ordinary care and with the means at her command, commensurate with her own safety and the safety of the vehicle she was driving, she would have avoided the collision, all of which the underinsured motorist negligently failed to do.

6.

Plaintiff would further show that plaintiff's injuries and damages, hereinafter to be set forth, are a natural, foreseeable, and proximate result of the aforementioned negligent acts and omissions of the underinsured motorist. There are certain elements of damages, provided by law, that plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate plaintiff for the injuries, damages, and losses incurred and to be incurred in the past, and to be incurred in the future. From the date of the collision in question until the time of trial of this case, those elements of damages to be considered

separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate plaintiff for each element are:

1. The physical pain that plaintiff has suffered from the date of the collision in question up to the time of trial;

2. The mental anguish that plaintiff has suffered from the date of the collision in question up to the time of trial;

3. The amount of reasonable health care expenses in the treatment of plaintiff's injuries from the date of the collision in question up to the time of trial which were over $600,000.00;

4. The loss of earnings and/or earning capacity sustained by plaintiff from the date of the collision in question up to the time of trial;

5. The damages resulting from the physical impairment and loss of household services suffered by plaintiff and the resulting inability to do those tasks and services that plaintiff ordinarily would have been able to perform; and

6. The permanent disfigurement, scarring, and humiliation plaintiff has suffered from the date of the collision in question up to the time of trial.

From the time of trial of this case, the elements of damages to be separately considered which plaintiff will sustain in the future beyond trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

1. The physical pain that plaintiff will suffer in the future beyond the time of trial;

2. The mental anguish that plaintiff will suffer in the future beyond the time of trial;

3. The reasonable value of health care expenses that will necessarily be incurred in the treatment of plaintiff's injuries in the future beyond the time of trial;

4. The loss or reduction in plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the collision in question;

5. The damages resulting from the physical impairment and loss of household services that plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that plaintiff ordinarily would have been able to perform in the future beyond the time of trial; and

6. The damages resulting from the permanent disfigurement, scarring, and humiliation plaintiff will suffer in the future.

Because of all of the above and foregoing, plaintiff has been damaged, and will be damaged, in a sum within the minimum jurisdictional limits of this Court.

7.

The motor vehicle causing plaintiff's damages as described above was at all times material to this action an "underinsured motor vehicle," as that term is defined in the policy of insurance issued by defendant and applicable in this case under the laws of the State of Texas.

Plaintiff will show the Court and Jury that on or about June 3, 2014, for valuable consideration the plaintiff was covered by insurance sold by defendant under their insurance policy. The terms and provisions of said policy of insurance are well known to defendant ELEPHANT INSURANCE COMPANY since they sold the insurance policy and have copies of the same. Plaintiff would further show the Court and Jury that on or about June 3, 2014, while all premiums were paid up on said policy of insurance, and while said policy was in full force and effect, plaintiff sustained losses under said policy because of the fact that on said date plaintiff was involved in the automobile collision as set forth in this petition.

Plaintiff fully complied with all the terms of the insurance policy issued by defendant, as a condition precedent to bringing this suit. Nevertheless, defendant ELEPHANT INSURANCE COMPANY has failed and refused, and still fails and refuses, to pay plaintiff the required underinsured motorist benefits under the policy as it is contractually required to do.

8.

Plaintiff notified defendant of the collision and complied in full with all requirements precedent to recovery under the policies. At the time of the collision, the underinsured motorist was operating an underinsured motor vehicle, as that term is defined under the laws of the State of Texas, as applied to the defendant's policies. Although, plaintiff was entitled to certain benefits under the

underinsured motorist coverage of the applicable policies of insurance, defendant failed to pay plaintiff the required benefits.

9.

Having determined that the underinsured motorist was at the time of the occurrence described above, operating an underinsured motorist vehicle, as that term is defined in the policies of insurance issued by defendant, plaintiff timely and properly notified defendant of the collision. All conditions precedent have been performed or have occurred. With the consent of defendant, plaintiff settled with ACCC Insurance Company, the insurance company covering the underinsured motorist, for her policy limits of $30,000. Nevertheless, defendant has failed and refused, and still fails and refuses, to pay plaintiff the required benefits under defendant's policy as it is contractually required to do.

10.

Defendant ELEPHANT INSURANCE COMPANY committed one or more violations of Texas Insurance Code, including, but not limited to:

1. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

2. Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amount ultimately recovered in suits brought by them;

3. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and

4. Refusing to pay claims without conducting a reasonable investigation based upon all available information.

Such conduct was committed knowingly or intentionally and was a producing cause of plaintiff's damages.

11.

Plaintiff has provided defendant with all necessary, reasonable and legal notices of this claim, as provided by the Texas Insurance Code and Texas Deceptive Trade Practices - Consumer Protection Act. Plaintiff was a consumer of defendant's goods and services as defined in said laws. More than 60 days prior to the filing of this action, plaintiff provided written notice to defendant of plaintiff's claim as provided by such laws. Thus plaintiff is entitled to recover from defendant the damages, attorney's fees, and other expenses allowed under such laws.

12.

By reason of all of the above and foregoing, plaintiff sues for and seeks recovery from defendant, for all special damages, general damages, actual damages, and compensatory damages suffered by plaintiff and caused by defendant as well as additional statutory damages allowed under the Texas Insurance Code and Texas Deceptive Trade Practices - Consumer Protection Act. The damages sought by plaintiff are within the jurisdictional limits of the Court.

13.

Plaintiff seeks to recover from defendant pre-judgment and post-judgment interest on the entire award of actual damages, past and future, in addition to the other elements of damages asserted on plaintiff's behalf.

14.

Plaintiff also seeks to recover from defendant reasonable and necessary attorney's fees, through trial, with contingent awards in the event of appeals.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff GARY KING prays that he have judgment against defendant, for the damages as specified above, plus pre-judgment interest at the maximum legal rate until the date of judgment, post-judgment interest on the judgment at the

maximum legal rate from the date of judgment until satisfied, costs of court, attorney fees, with contingent awards in the event of appeals, statutory damages, and such other relief, general and special, at law and in equity, to which plaintiff may show plaintiff is justly entitled to receive.

        Respectfully submitted,

        **LAW OFFICES OF MAE NACOL**
        **& ASSOCIATES**


        By: /s/ Roy K. Ewart
            ROY K. EWART
            Texas Bar No. 06752705
            8303 Southwest Freeway, Suite 945
            Houston, Texas 77074
            Houston, Texas 77002
            Telephone: (713) 655-7055
            Telecopier: (713) 655-7702
            wmnacol@sbcglobal.net
            *Attorney for Plaintiff*